******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## SAURABH BOHRA *v.* NEHA KOCHAR
### (AC 48253)

Alvord, Elgo and Pellegrino, Js.

*Syllabus*

The defendant appealed from the trial court's judgment denying her motion
for appellate attorney's fees to defend against the plaintiff's appeal challeng-
ing the judgment dissolving the parties' marriage. The defendant claimed
that the court abused its discretion in denying her motion. *Held*:

The trial court did not abuse its discretion in denying the defendant's motion
for appellate attorney's fees, as the court expressly found that the defendant
had not proven either of the circumstances warranting an award of fees,
namely, that she did not have ample liquid assets to pay her attorney's fees
and that declining to award attorney's fees would undermine the court's
other financial orders, and the court's findings were supported by the record,
including the parties' financial affidavits and their testimony at the hearing.

Argued April 14—officially released July 14, 2026

*Procedural History*

Action for the dissolution of a marriage, and for other
relief, brought to the Superior Court in the judicial
district of Hartford, where the defendant filed a cross
complaint; thereafter, the case was tried to the court,
*Klau, J.*; judgment dissolving the marriage and granting
certain other relief; subsequently, the court, *Klau, J.*,
denied the defendant's motion for appellate attorney's
fees, and the defendant appealed to this court. *Affirmed*.

*John F. Morris*, for the appellant (defendant).

*Stacie L. Provencher*, with whom were *Beck S. Fine-
man* and, on the brief, *Campbell D. Barrett*, for the
appellee (plaintiff).

*Opinion*

PER CURIAM. This appeal, and a related appeal,
*Bohra* v. *Kochar*, 240 Conn. App. 282,    A.3d    (2026),
which we also officially release today and which contains
a recitation of the underlying facts, arises from a marital
dissolution action. In the present appeal, the defen-
dant, Neha Kochar, claims that the trial court abused its

discretion in denying her motion for attorney's fees to defend the related appeal brought by the plaintiff, Saurabh Bohra. We affirm the judgment of the trial court.

The following procedural history is relevant to our resolution of the defendant's appeal. On August 12, 2024, following the court's issuance of its memorandum of decision dissolving the parties' marriage but before the issuance of its November 15, 2024 memorandum of decision on reconsideration, the defendant filed a motion for appellate attorney's fees, asking that the court order the plaintiff to pay her $20,000 in attorney's fees to defend against the appeal the plaintiff had filed challenging the judgment of dissolution. In her motion, the defendant argued that she was without sufficient resources to defend against the appeal because the property settlement orders were automatically stayed pending appeal. She further argued that the costs of defending against the appeal would undermine the trial court's financial orders. On August 26, 2024, the plaintiff filed an objection, in which he represented that he had exhausted his liquid funds by paying monthly household expenses and represented that the defendant possessed more liquid funds than him.

The court held a hearing on the motion on October 18, 2024. At the hearing, both parties testified and filed updated financial affidavits. Following the hearing, the court, *Klau, J.*, issued an order denying the defendant's request for attorney's fees. The court found: "Based on the parties' most recent financial affidavits, the [defendant] has liquid assets (in several bank accounts) of approximately $27,000. She also has access to the remaining cash value of a Brighthouse life insurance policy ($8770). Finally, she can access monies in two Roth IRAs, which have a combined value of approximately $82,500. Under these circumstances, the court finds that she has access to ample liquid funds to defend the appeal."

The court also rejected the defendant's argument that a failure to award her attorney's fees would undermine

the court's financial orders, finding that "[t]he total net value of the marital estate (total assets minus total liabilities) as of the date of dissolution was approximately $900,000. The court's financial orders grant the [defendant] approximately 55 percent of the net marital assets. In the unlikely event that the court's financial orders are reversed on appeal and the case is remanded for a new trial, the [defendant] is still likely to be awarded $400,000 to $500,000 in net marital assets. The court cannot say that its financial orders will be undermined if she is not awarded attorney's fees to defend the appeal."

Finally, the court reiterated "its concern about how the [plaintiff's] litigation strategy had increased the cost and length of what should have been a relatively straightforward divorce action, at least from a financial orders perspective. The court again expresses its concern that the [plaintiff] is perpetuating this already much too expensive dissolution action by filing an appeal that largely challenges how the trial court exercised its wide discretion in fashioning equitable financial orders. His litigation strategy is consuming the assets of a relatively modest marital estate. That being said, he has the statutory right to appeal the court's orders, and the court cannot say that the appeal is frivolous. Much as the court believes that the [defendant] should receive an award of attorney's fees, it appears that it would be an abuse of discretion for the court to do so under the facts of this case." Accordingly, the court denied the defendant's motion. This appeal followed.

The defendant's sole claim on appeal is that the court abused its discretion in denying her motion for attorney's fees. She argues that the court, in finding that she had ample liquid funds to defend the appeal, failed to consider that she has substantial debt and that the plaintiff has a substantially greater income. She further argues that it would undermine the judgment for her to "expend every resource she has" to defend the judgment. Finally, she contends that "[t]he record in this case provides sufficient evidence to support a finding that denying the

defendant's request for attorney's fees would undermine the financial orders in this case because the plaintiff has substantially higher earnings, the defendant has only a modest working history, the marital assets are controlled mostly by the plaintiff, and the defendant has substantial debt that can't be fully paid off without wiping out the majority of her assets and/or her retirement." The plaintiff responds that the court properly denied the motion for appellate attorney's fees. We agree with the plaintiff.

We first set forth our standard of review. "Whether to allow [attorney's] fees, and if so in what amount, calls for the exercise of judicial discretion by the trial court. . . . An abuse of discretion in granting [attorney's] fees will be found only if [an appellate court] determines that the trial court could not reasonably have concluded as it did." (Internal quotation marks omitted.) *Gainty* v. *Infantino*, 222 Conn. App. 785, 808, 306 A.3d 1171 (2023), cert. denied, 348 Conn. 948, 308 A.3d 36 (2024).

General Statutes § 46b-62 governs the award of attorney's fees in family court proceedings and provides in relevant part that "the court may order either spouse . . . to pay the reasonable attorney's fees of the other in accordance with their respective financial abilities and the criteria set forth in section 46b-82,"[1] the alimony statute. "Courts ordinarily award counsel fees . . . so that a party . . . may not be deprived of [his or] her rights because of lack of funds. . . . Where, because of other orders, both parties are financially able to pay their own counsel fees they should be permitted to do so. . . . An exception to the rule . . . is that an award of attorney's fees is justified even where both parties are financially able to pay

---

[1] General Statutes § 46b-82 (a) provides in relevant part that the court shall consider "the length of the marriage, the causes for the . . . dissolution of the marriage . . . the age, health, station, occupation, amount and sources of income, earning capacity, vocational skills, education, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81, and, in the case of a parent to whom the custody of minor children has been awarded, the desirability and feasibility of such parent's securing employment."

their own fees if the failure to make an award would undermine its prior financial orders . . . . [A]n award of attorney's fees . . . is warranted only when at least one of two circumstances is present: **(1)** one party does not have ample liquid assets to pay for attorney's fees; or **(2)** the failure to award attorney's fees will undermine the court's other financial orders." (Internal quotation marks omitted.**)** *Gainty* v. *Infantino*, supra, 222 Conn. App. 807–808; see also *Clougherty* v. *Clougherty*, 162 Conn. App. 857, 876, 133 A.3d 886 ("The language of § 46b-62 *permits*, *without requiring*, a trial court to award attorney's fees after considering the respective financial abilities of the parties and the criteria set forth in section 46b-82. . . . Counsel fees are not to be awarded merely because the obligor has demonstrated an ability to pay." (Emphasis in original; internal quotation marks omitted.**))**, cert. denied, 320 Conn. 932, 134 A.3d 621 **(2016)**, and cert. denied, 320 Conn. 932, 136 A.3d 642 **(2016)**. "Absent a record that demonstrates that the court's denial of [a] request for attorney's fees was in error, we presume that the court correctly analyzed the law and the facts in rendering its judgment." *Marcus* v. *Cassara*, 142 Conn. App. 352, 361, 66 A.3d 894 (2013).

In the present case, the trial court expressly found that the defendant had not proven either of the circumstances warranting an award of attorney's fees. First, the court found that the defendant had ample liquid assets to pay her attorney's fees. Specifically, the court found, consistent with the defendant's financial affidavit, that she had several bank accounts containing an approximate total of $27,000, had access to the remaining cash value of a life insurance policy in the amount of $8770, and had access to two Roth IRAs, which had a combined value of approximately $82,500.[2] See *Pena* v. *Gladstone*, 168

[2]The defendant's argument that the court failed to consider the liabilities reflected in her financial affidavit is unavailing. First, the plaintiff's updated financial affidavit showed that he also had significant liabilities. Second, there was evidence in the record in the form of the defendant's financial affidavits and testimony that the amount of her liabilities had decreased from the time of trial to the date of the hearing on attorney's fees. Moreover, we note that "the court does not have to specify each

Conn. App. 141, 158, 144 A.3d 1085 (2016) ("the test for an award of attorney's fees pursuant to § 46b-62 is not whether the nonmoving party has adequate liquid assets, but whether the *moving* party has ample liquid assets to pay his or her own attorney's fees" (emphasis in original)). Next, the court found that declining to award attorney's fees would not undermine the court's other financial orders, and the defendant has not demonstrated that such finding was unreasonable. See *Dowling* v. *Szymczak*, 309 Conn. 390, 412, 72 A.3d 1 (2013) (trial court reasonably could have concluded that plaintiff had sufficient funds to pay attorney's fees without risk of undermining efficacy of child support order and, thus, had not demonstrated how failure to award fees would have undermined other financial orders). The court noted that it had awarded the defendant approximately 55 percent of the net marital assets, which had a value of approximately $900,000.

The court's findings are supported by the record, including the parties' financial affidavits and their testimony at the hearing, and the defendant "has failed to persuade us that the court's decision was contrary to the law or the facts . . . ." *Marcus* v. *Cassara*, supra, 142 Conn. App. 361. Accordingly, we conclude that the court did not abuse its discretion in denying the defendant's request for appellate attorney's fees.

The judgment is affirmed.

———————————————

and every criterion it considers in assessing the parties' total financial resources under § 46b-82." *Pena* v. *Gladstone*, 168 Conn. App. 175, 189, 146 A.3d 51 (2016).